## Commonwealth v. Rapine

*Stanley B. Cooper*, for School District of Conshohocken.

*Leonard F. Markel, Jr.*, for defendant.

DANNEHOWER, J., March 17, 1954. — Appellant, George Rapine, father of Betty Ann Rapine, 11½ years of age, was convicted in a summary proceeding before a justice of the peace, of violating the compulsory attendance provisions of the Public School Code of March 10, 1949, P. L. 30, 24 PS §§13-1327 et seq., in that he permitted his daughter to be absent from public school (the Hoffecker School, fifth grade, Conshohocken, Pa.), without lawful excuse on Wednesday afternoon, January 20, 1954, and again on Wednesday afternoon, January 27, 1954, to enable her to journey to New York City to take ballet lessons.

After a hearing, at which defendant offered no testimony, the justice of the peace on February 8, 1954, adjudged defendant guilty of both individual offenses, and sentenced him to pay a fine of $5 for each offense, and $6.50 costs, a total of $16.50. Thereafter, on February 17, 1954, defendant filed his petition in the Quarter Sessions Court of Montgomery County, Pa., for the allowance of an appeal and on February 18, 1954, the appeal was allowed by a judge and defendant entered into a recognizance in the sum of $100 as required.

The petition for the allowance of an appeal alleged that defendant "was improperly convicted of such charge in that the Commonwealth failed to prove by adequate and competent evidence that his daughter, Betty Ann Rapine, was absent from school on January 20 and 27, 1954, and said justice of the peace improperly permitted the prosecuting witness, Robert C. Landis, superintendent of the school district of the Borough of Conshohocken, to testify as to entries made by others in the school attendance register".

At the hearing de novo on this appeal, it was agreed and stipulated between counsel that this defendant had been properly notified of his daughter's absence under the schood code; that defendant had been convicted on two previous occasions for identical offenses, one on December 9, 1953, and four separate offenses on January 18, 1954, because he permitted his daughter, who has exceptional and unusual ability and skill as a dancer, to be absent from the Wednesday afternoon sessions of public school to go to New York City for ballet instruction; that the home room teacher, and principal of the Hoffecker School, where the daughter attends, being present in court would testify that the daughter was absent from school on Wednesday afternoons, January 20 and January 27, 1954, and that the transcript of the justice of the peace be admitted in the evidence. With all of this evidence admitted, the hearing judge is called upon for a decision.

The provision of the public school code that children attend "continuously through the entire term" recognizes the obvious fact that each day's school work is built upon the lessons taught on the preceding day. It is almost impossible to properly educate a child who is absent regularly one afternoon or one day each week, for the continuity of the course of study is broken and ofttimes the pupil is not able to keep pace with his classmates. Moreover, if one pupil may be absent one

afternoon or one day each week for such reasons, then all pupils are entitled to the same privilege, and it would result in confusion.

There can be no doubt that compulsory attendance is reasonable, constitutional and enforcible under the law.

In Pennsylvania the power of the State to require that children be educated has never been doubted. The State has the power to require that children be educated and the natural right of control of children by parents may be restricted and regulated by law. In Commonwealth ex rel. School District of Pittsburgh v. Bey et ux., 166 Pa. Superior Ct. 136; Commonwealth v. Beiler, 168 Pa. Superior Ct. 462, it is said:

"In short, parents have no constitutional right to deprive their children of the blessings of education or prevent the State from assuring children adequate preparation for the independent and intelligent exercise of their privileges and obligations as citizens in a free democracy." To that conclusion we adhere.

Children, under the public school code "may be educated in the public schools, in private or denominational schools, or by approved tutors; but educated they must be within the age limits and in the subjects prescribed by law. The life of the Commonwealth—its safety, its integrity, its independence, its progress—and the preservation and enhancement of the democratic way of life, depend upon the enlightened intelligence of its citizens". See Teachers' Tenure Act Cases, 329 Pa. 213.

Therefore, in this case, where a father has sent his daughter of compulsory attendance age to public school on all other days and sessions of school, except on Wednesday afternoons, but has refused to do so on that afternoon to enable her to take ballet lessons in New York City, it is decided that having exercised the option provided by the statute to send his daughter to public school, he is bound to perform all the requirements of

the compulsory attendance provisions. He cannot send his daughter to the public schools upon condition that she shall be excused every Wednesday afternoon. He has no constitutional right to submit to only a part of the statute or a part of the regulations made pursuant to it. He, therefore, has again violated the compulsory attendance provisions of the Public School Code of 1949.

And now, March 17, 1954, for the foregoing reasons, defendant, George Rapine, is adjudged guilty of violating the compulsory attendance provisions of the Public School Code of 1949, on Wednesday, January 20, 1954, and also on Wednesday, January 27, 1954, when he refused to send his daughter to the afternoon sessions of public school, and he is hereby sentenced to pay a fine of $5 for each offense, a total of $10 in fines for the benefit of the Conshohocken School District, and the costs.